565. LIQUID CARBONIC ACID MANUFACTURING CO.
v. PAULK & JULIAN.

1. The purchaser of a soda fount, who buys it by description and number, and who accepts in lieu thereof another soda fount of a different number and, with full opportunity for inspection and with knowledge that the soda fount received by him is not the same as the one originally purchased, pays thereon twelve of a series of promissory notes, without notice to the vendor of any defects, and thereafter sells to another all his interest in the soda fount, is estopped from pleading partial failure of consideration.

2. Such course of conduct is a waiver of defects, latent and patent; and the evidence on the subject, coming from the defendants' own witnesses and being uncontradicted, demands a finding in behalf of the plaintiff for the unpaid remainder of the purchase-price.

3. The discretion appertaining to a judge of the superior court as to the first grant of a new trial, on petition therefor by certiorari, where issues of fact are involved, does not exist where the question presented by the certiorari is one purely of law. To order a first new trial, where the issue depends solely upon the weight of the evidence, is discretionary. To set aside a finding, when no different result can be reached, is erroneous.

Certiorari, from Ben Hill superior court—Judge Whipple. May 30, 1907.

Submitted October 28, 1907.—Decided January 15, 1908.

*E. W. Ryman,* for plaintiff.

*McDonald & Quincey,* for defendants.

RUSSELL, J. The plaintiff in error brought an action against the defendants in error in the city court of Fitzgerald on certain promissory notes, aggregating $430 besides interest. By amendment the plaintiff set up a contract entered into between itself and the defendants in error for the purchase of certain soda-water apparatus. The defendants pleaded partial failure of consideration, and a set-off for certain freight paid by them on the apparatus, for which the plaintiff was liable. Demurrers were filed to the petition, and to the defendants' amended answer. At the conclusion of the evidence the court directed a verdict in favor of the plaintiff, for the amount of principal due upon the notes, less the freight charges claimed by the defendants, with interest. The defendants carried the case, by certiorari, to the superior court, and the certiorari was sustained and a new trial ordered.

We think that the verdict was demanded by the evidence, and

that the judge of the superior court erred in sustaining the certiorari. The errors assigned in the petition for certiorari are eleven in number. The defendants aver that the city court committed error as follows: (a) In refusing to allow the defendants to assume the burden and get the concluding argument, after they had admitted a prima facie case for the plaintiff. (b) In admitting in evidence, over defendants' objection, the written contract attached to this petition and marked Exhibit J. (c) In refusing to allow the witness J. B. D. Paulk to testify to the kind of apparatus actually bought, and also the kind actually shipped, and to the difference in the prices of the two. (d) In refusing to allow witness J. L. Pitman to testify, in answer to defendants' counsel's question, what the price of a fount of the size shipped, of good material, cork lined, first class, would be worth, and that the difference between the fountain actually shipped and the fountain described would be from $450 to $500. (e) In refusing to allow the amendment attached to this petition and marked Exhibit I. (f) In refusing to allow R. A. Majors, a witness for the defendants, to testify as to the difference in price of an apparatus that was cork lined and of first-class material, trimmings, etc., and the one actually shipped by the plaintiff to the defendants. (g) In refusing to allow the witness R. A. Majors to testify, in answer to counsel's question, that the difference in price between a cork lined, first-class apparatus and the one actually shipped would be from $300 to $500. (h) In directing a verdict for the plaintiff and against the defendants. (i) The verdict is contrary to evidence. (j) The verdict is contrary to law. (k) The verdict and judgment are contrary to law and evidence.

Inasmuch as the judge directed the verdict, we fail to see wherein the defendants were hurt by failing to be awarded the concluding argument. As a matter of fact, so far as appears from the record, there was neither occasion nor opportunity for argument by counsel for either party. All of the other assignments of error are likewise immaterial to the controlling facts in the case, and their discussion seriatim would be useless.

It is absolutely clear, from the pleadings and the evidence, that the defendants waived the substitution of a different apparatus from the one they first purchased. If there was a difference in the two soda founts, the one they first contracted to buy being

No. 420, and the one they accepted being No. 2442, by accepting
soda fount No. 2442 instead of No. 420, the express warranty
which was created by the description of soda fount No. 420 was
perhaps substituted or exchanged for an implied warranty that
No. 2442 would be merchantable and reasonably suited for the
purposes intended. But even in this view of the case, there is no
dispute that the defendants, with full opportunity of discovering
any defects, used the fount for many months without any com-
plaint, and, without complaint, so far as the testimony discloses,
paid $370 on the purchase-money. The defendants are therefore
estopped from setting up their plea of failure of consideration.
The judge allowed the sum of $44.71, which the defendants claimed
as freight paid by them by direction of the plaintiff, and no attor--
ney's fees were allowed. A verdict in favor of the plaintiff for
these items was absolutely demanded by the evidence. We find,
however, upon a calculation of the interest, that the judgment for
interest is too large by $12.26. It may be that the judge of the
superior court sustained the certiorari upon this ground. But in--
asmuch as the plaintiff is, by every rule of law, entitled to recover
the principal, and the error in calculating the interest in the judg--
ment is easily capable of correction, the judgment of the judge
of the superior court, in sustaining the certiorari and ordering a
new trial, is reversed, if the plaintiff in error will reduce the in-
terest from $80.75 to $68.49; and upon the failure of the plain--
tiff in error to make such reduction within twenty days from the
filing of the remittitur in the court below, it is ordered that the
judgment granting a new trial be affirmed. The headnotes suffi-
ciently deal with the material issues involved, and further discus--
sion of the record can serve no useful purpose.

                                        *Judgment reversed.*